| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |
|---|---|

| Case No. | CV 22-6410-DMG (MRWx) | Date | December 1, 2022 |
|---|---|---|---|
| Title | *Capo, L.P. v. Citizens Insurance Company of America* | Page | 1 of 5 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [10]**

Before the Court is Plaintiff Capo, L.P.'s ("Capo") motion to remand ("MTR"). [Doc. # 10.]. The motion is fully briefed. [Doc. ## 16 ("Opp."), 17 ("Reply").] For the reasons discussed below, the Court **GRANTS** the motion to remand but **DENIES** the request for attorneys' fees.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Capo, a California limited partnership, operates a restaurant in Santa Monica, California. Compl. ¶ 1 [Doc. # 1 at 7]. Capo alleges that in December 2020, a large quantity of wine and cash was stolen from its restaurant. *Id.* at ¶ 6. At the time, Capo was insured under a property insurance policy issued by Defendants Citizens Insurance Company of America ("Citizens"). *Id.* at ¶ 4. Capo alleges that although the policy included approximately $1.2 million in contents coverage, Citizens reimbursed only $100,000 for the loss. Compl. ¶¶ 4-9. Capo alleges that it suffered damages in excess of $1 million. *Id.* at ¶ 12.

On August 23, 2022, Capo filed a complaint in Los Angeles County Superior Court against Citizens for (1) breach of an insurance contract, (2) tortious breach of the covenant of good faith and fair dealing, and (3) unfair competition. *See generally* Compl. On September 8, 2022, Citizens removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. section 1332(a)(1). Notice of Removal ("NOR") ¶ 3 [Doc. # 1]. The NOR asserts that Citizens is a citizen of Michigan and Massachusetts, because it is incorporated under the laws of the state of Michigan and has its principal place of business in Massachusetts. *See* NOR ¶ 8 [Doc. # 1]; Notice of Errata Regarding Notice of Removal at 1 [Doc. # 15] (correcting inaccurate allegation in NOR that Citizens has its principal place of business in Michigan). The NOR also alleges that Capo is a citizen of California. NOR ¶ 8. Finally, Citizens alleges that Capo seeks at least $1 million in compensatory damages. *Id.* at ¶¶ 4-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | CV 22-6410-DMG (MRWx) | Date | December 1, 2022 |
| Title | *Capo, L.P. v. Citizens Insurance Company of America* | Page | 2 of 5 |

On October 11, 2022, Capo filed the instant MTR, arguing that Citizens failed to adequately allege complete diversity of citizenship because Capo is a partnership and Citizens did not allege the citizenship of its members. On October 18, 2022, Capo filed its required Notice of Interested Parties, identifying 43 partners. [Doc. # 14.] Citizens filed its Opposition on October 28, 2022.

## II.
## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. Section 1332 requires that all plaintiffs in a suit be of diverse citizenship from all defendants. 28 U.S.C. § 1332(a); *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). Courts strictly construe the removal statute against removal jurisdiction and remand the case if there is any doubt as to the defendant's right to removal. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

## III.
## DISCUSSION

### A.   Allegations Regarding Citizenship

Capo, which is a partnership, contends that the Court should remand this action because Citizens failed to allege the citizenship of all of Capo's partners in its NOR, and thus, has not established complete diversity of citizenship between the parties. Citizens, on the other hand, argues that it adequately alleged Capo's citizenship when it alleged that Capo is a citizen of California in its NOR. In the alternative, Citizens presents a declaration from one of its attorneys, Tyler R. Austin, stating that in an October 3, 2022 phone call, Capo's counsel represented that he did not know the citizenship of all of Capo's partners. Austin Decl. ¶ 5 [Doc.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6410-DMG (MRWx) | Date | December 1, 2022 |
| Title | *Capo, L.P. v. Citizens Insurance Company of America* | Page | 3 of 5 |

# 16-1].[1]  Austin therefore conducted a search on a commonly-used website, Westlaw, to attempt to identify Capo's members, and identified five individuals he believes to be members.  *Id*. at ¶ 6.  Based on the information Austin discovered in Westlaw, much (though not all) of which lists various California addresses associated with these members, *see id.* at ¶¶ 9-13, Exs. 6-10, Citizens contends those five potential members are citizens of California, and thus that complete diversity is established.

The Ninth Circuit has long held that for purposes of diversity jurisdiction, a limited partnership shares the citizenship of all of its limited partners.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992) (noting that the party asserting diversity jurisdiction must affirmatively specify the citizenship of all relevant parties, which in the case of a limited partnership includes all its partners).  Capo is a limited partnership with 43 partners, and Citizens was required to allege the citizenship of all 43 partners in its NOR.  Citizens' failure to do so renders the NOR defective on its face.  *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Moreover, the evidence regarding Capo's partners' states of citizenship presented by Citizens in support of its Opposition is inadequate.  Capo identified all 43 of its partners in its notice of interested parties, which was filed *before* Citizens' Opposition, yet, Citizens presented evidence pertaining to the citizenship of only five potential partners.[2]  As a result, the Court is unable to determine whether complete diversity exists in this matter.

**B.    Jurisdictional Discovery**

Citizens asks that, should the Court find that its allegations regarding Capo's citizenship are defective, it be permitted to conduct limited jurisdictional discovery to determine the citizenship of Capo's partners.  *See* Opp. at 8.

---

[1] Capo lodged evidentiary objections to portions of Citizens' counsel's declaration.  [*See* Doc. # 18.]  Because the Court does not rely on counsel's declaration, or the exhibits attached thereto, in making its ruling, Capo's objections are **OVERRULED as moot**.

[2] Capo represents that only two of the individuals identified by Citizens are actually partners of Capo.  Even if all five individuals were members of Capo, Citizens' showing would still be insufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | CV 22-6410-DMG (MRWx) | Date | December 1, 2022 |
|---|---|---|---|
| Title | *Capo, L.P. v. Citizens Insurance Company of America* | Page | 4 of 5 |

District courts have wide discretion in deciding whether to grant leave to conduct jurisdictional discovery. *Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 996 (C.D. Cal. 2013); *Blackburn v. United States,* 100 F.3d 1426, 1436 (9th Cir. 1996). In granting jurisdictional discovery, the Ninth Circuit has adopted a liberal approach, noting that it "should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Barantsevich,* 954 F. Supp. 2d at 996. It is not necessary, however, to permit jurisdictional discovery if the request merely amounts to a "fishing expedition." *Id.* Rather, a party seeking jurisdictional discovery must at least make a colorable showing that jurisdiction exists. *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007).

Here, Citizens' request for jurisdictional discovery amounts to a fishing expedition. As noted above, it is well-established that a party seeking to invoke the diversity jurisdiction of federal courts must allege the citizenship of each partner in a limited partnership. *See Carden*, 494 U.S. at 195. Yet, Citizens failed to investigate the citizenship of Capo's partners before removing this action. Moreover, Citizens had an additional opportunity to investigate the citizenship of Capo's partners after Capo filed its notice of interested parties, but apparently failed to do so before filing its Opposition. Finally, Citizens contends that Capo's failure to adduce evidence that any of its partners are citizens of Michigan or Massachusetts proves that none are. But this argument misses the mark, because it is Citizens' burden to show that diversity of citizenship exists, not Capo's burden to show it does not.

Citizens has failed to make a colorable showing that jurisdiction exists such that it would be appropriate for this Court to order jurisdictional discovery. Consequently, the Court denies Citizens' request for jurisdictional discovery.

C.  **Capo's Request for Attorney's Fees**

Capo requests its attorney's fees incurred in filing the instant MTR. The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447. A district court's decision to award fees "should turn on the reasonableness of the removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). A court should award fees *only if* the removing party "lacked an objectively reasonable basis" for removing. *Id*. A fee award does not require, however, a showing of bad faith. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | CV 22-6410-DMG (MRWx) | Date | December 1, 2022 |
| Title | *Capo, L.P. v. Citizens Insurance Company of America* | Page | 5 of 5 |

   Citizens does not respond to Capo's fee request in its Opposition. Still, the Court concludes that a fee award is not appropriate in this case. While Citizens' NOR was *inadequate* as a matter of law, the record does not demonstrate that Capo's partners are not diverse from Citizens, only that Citizens has not established its right to removal. Moreover, Capo apparently declined to disclose even the identity of its partners until after it filed its MTR, rendering Citizens' efforts to determine the citizenship of those partners more difficult. A plaintiff's failure to disclose relevant facts "may affect the decision to award attorney's fees." *Martin*, 546 U.S. at 141. Because Citizens' NOR was not objectively unreasonable, and because Capo hindered Citizens' efforts to determine the citizenship of Capo's partners, the Court declines to award attorney's fees to Capo.

### IV.
### CONCLUSION

   In light of the foregoing, the Court **GRANTS** Capo's MTR, **DENIES** the request for attorneys' fees, and **REMANDS** this action to the Los Angeles County Superior Court.

**IT IS SO ORDERED**.